Sarah M. Cox
California State Bar No. 245475
Law Office of Sarah M. Cox, PLLC
12770 Coit Rd, Ste 1100
Dallas TX 75251
Phone: (214) 310-1321
Fax: (469) 716-4710
Email: sarah@sarahcoxlaw.com
ATTORNEY FOR PLAINTIFF

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| **DARREN SCOTT MATLOFF,** | § § | CASE NO. 19-32039-sgj7 |
| Debtor. | § § § | Chapter 7 |
| **DARREN SCOTT MATLOFF,** | § § § | |
| Plaintiff | § | |
| v. | § § | **Adversary No.** |
| **TRIUMPHANT GOLD LIMITED,** | § § | |
| Defendant | § § § | |

**COMPLAINT FOR VIOLATIONS OF 11 U.S.C. § 362**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE**

     **COMES NOW** Darren Scott Matloff ("**Plaintiff**"), Plaintiff in the above-captioned case, and files this Plaintiff's Original Complaint ("**Complain**t") against Triumphant Gold Limited ("**TGL**" or "**Defendant**"), Defendant in the above-captioned adversary, and would respectfully show unto the Court as follows:

### I. JURISDICTION AND VENUE

1. The claims in this Complaint arise under Title 11, specifically, 11 U.S.C. § 362. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a) and (b). This is a "core" proceeding under 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

### II. PARTIES

3. Plaintiff Darren Matloff ("**Plaintiff**") is the Debtor in the above-captioned bankruptcy proceeding.[1]

4. Defendant Triumphant Gold Limited ("**TGL**")[2] is an entity incorporated in the Cayman Islands. Defendant may be served with summons in the Cayman Islands, by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

5. Defendant is a Creditor of the Plaintiff. Defendant has appeared in the underlying bankruptcy proceeding through its counsel of record, Hedrick Kring, PLLC.

6. Plaintiff's automatic stay claim is a core proceeding under 28 U.S.C. § 157(b)(2) (*see In Re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999)) and Plaintiff consents to entry of final orders and judgments by the Bankruptcy Court in this adversary proceeding.

---

[1] For ease of reference, documents filed in the Plaintiff's bankruptcy proceeding will be identified as "Bk. Doc. No. __". Documents filed in the Rooftop Group International Case will be identified as "Rooftop Bk. Doc. No. __".
[2] According to their pleadings in the Rooftop case, TGL "is a special purpose vehicle of Aktis Capital Master Fund Limited, which engages in direct/structured investment activities in developing and emerging economies in Asia." *See* Rooftop Bk. Doc. No. 26, p. 5, ¶11.

### III.     FACTUAL AND PROCEDURAL BACKGROUND

7. Plaintiff is the chief executive officer of Rooftop International Pte, ("**Rooftop**"), a Singapore company is a Singapore company that has traditionally been in the business of the manufacture and sale of consumer quadcopters, or drones.

8. Prior to the Petition Date, in 2016, Rooftop and TGL entered into a series of agreements pursuant to which TGL loaned money, on a secured basis, to Rooftop in order to, among other things, provide working capital to Rooftop, and finance the manufacture of recreational drones in China. Rooftop's obligation to TGL was secured by, among other things, certain guarantees (including by Plaintiff personally).

9. Rooftop's business struggled, and as a result, Rooftop defaulted on its obligations to TGL. Rooftop filed a voluntary petition for Chapter 11 bankruptcy on April 30, 2019 in the Northern District of Texas, Dallas Division. That case, *In re Rooftop Group International Pte. Ltd.*, Cause No 19-43402, is currently pending before the Hon. Mark Mullin (the "**Rooftop Case**").

10. TGL took legal action in Singapore against Plaintiff to enforce TGL's rights with respect to Plaintiff's personal guarantee. The pre-petition lawsuits are (1) HC/S 450/2018 (the "**S450**") – a suit on Mr. Matloff's personal guarantee [where summary judgment was entered against Mr. Matloff on 12/05/2018]; (2) HC/SUM 1653/2019 - an ex parte application for leave to apply for an order of committal filed on April 1, 2019; and, (3) HC/SUM 2362/2019 – a committal proceeding filed on April 29, 2019 (the "**Singapore Proceeding**"). A timeline of the actions in Singapore is attached hereto as **Exhibit A.**

11. According to TGL's own pleadings, the High Court for the Republic of Singapore has "afforded TGL the right to institute committal proceedings…against Mr. Matloff for failure to (i) pay the judgment entered against Mr. Matloff on his personal guarantee in the S450 action

and (ii) participate in post-judgment discovery."[3] On April 29, 2019, the High Court for the Republic of Singapore issued a summons to the Plaintiff. A true and correct copy of that summons is attached hereto as **Exhibit B**.

12. TGL also instituted an action in the District Court for the Southern District of Texas in order to domesticate the Singapore judgment against Mr. Matloff, Case No. 4:18-cv-04770. That case is now stayed by the automatic stay.

13. Plaintiff filed a voluntary petition under Title 11, Chapter 7 of the United States Bankruptcy Code on June 18, 2019.

14. TGL has used both the Rooftop case and the Plaintiff's bankruptcy case as a means with which to harass and embarrass the Plaintiff, making allegations that have no basis in fact, driving up legal fees for Plaintiff.

15. More egregiously, **TGL has continued to pursue enforcement of its judgment against Plaintiff in the Singapore Proceeding post-petition**, despite receiving notice of the bankruptcy filing, and sending counsel to the §341 meeting of creditors.[4] TGL is not just seeking enforcement of the judgment, but it seeks to hold Plaintiff in contempt and punish Plaintiff via an "order for committal" which can include incarceration.

16. On July 25, 2019, over a month after the stay was imposed by operation of law, TGL submitted its Written Submissions requesting a "custodial sentence" in excess of seven days:

> TGL therefore submits that a custodial sentence must be imposed in the present case and a sentence of more than seven days imprisonment is warranted given the exceptionally aggravating circumstances.[5]

---

[3] *See* Rooftop Bk. Doc. No. 26, p. 7, ¶17.
[4] *See* **Exhibit C**, an excerpt from the First Meeting of Creditors in the Plaintiff's bankruptcy case.
[5] *See* **Exhibit D**, a true and correct copy of excerpts from TGL's Written Submissions submitted to the High Court of the Republic of Singapore.

17. The next day, July 26, 2019, TGL's counsel in the Singapore Proceeding claimed that Plaintiff "hid his assets until the time he filed for bankruptcy in June 2019" and the "appropriate sentence should be more than 7 days' (sic) imprisonment."[6]

18. Counsel for TGL has entered a notice of appearance in the Plaintiff's bankruptcy case.[7] Counsel for TGL requested and received an extension of time to object to the Plaintiff's discharge and exemptions. Counsel for TGL has also filed an application to be employed as special counsel for the Trustee.[8]

19. Plaintiff has incurred significant damages in the form of attorneys' fees to defend himself against TGL's continued pursuit of him in the Singapore Proceeding.

20. TGL has also attempted what one might consider a back end run around the automatic stay via commencement of proceedings in Dallas County, Cause No. DC-19-12093, against two other Rooftop entities, Rooftop Group USA, Inc. (of which the Plaintiff is the sole shareholder), and Rooftop Group Services (US), Inc., wherein TGL obtained a temporary restraining order against Rooftop Group USA and Rooftop Group Services. TGL further sought discovery from these entities about the Plaintiff's financial condition, in spite of the fact that many if not all the documents requested had been provided to TGL and the Plaintiff's Chapter 7 Trustee.[9]

21. The actions of TGL have resulted in a substantial amount of anxiety, mental anguish and distress on the part of Plaintiff, which is far more than fleeting and inconsequential, and which is substantiated by the facts of this case alone, but is also manifested in the following ways, including but not limited to:

---

[6] *See* **Exhibit E**, a true and correct copy of the transcript from the hearing on TGL's Application.
[7] *See* Bk. Doc No. 14.
[8] *See* Bk. Doc No. 34.
[9] *See* **Exhibit F**, a true and correct copy of a relevant portions of a subpoena served upon Edward Schafman requesting information about the Plaintiff.

Complaint for Violation of the Automatic Stay     5

    (a)    Violation of core bankruptcy rights and Constitutional rights.

    (b)    Attorneys' fees and costs incurred in Singapore, estimated at $10,000.00 USD.

    (c)    Travel expenses associated with defending himself in Singapore.

    (d)    Harassment.

    (e)    Stress.

    (f)    Fear, dread and anxiety regarding possible incarceration in Singapore.

    (g)    Lost time for work due to the near constant harassment and threat of incarceration for not responding in the Singapore Proceeding.

    (h)    Lost employment opportunities as individuals and companies learn of TGL's allegations.

    (i)    Embarrassment and discomfort in excess of what is normal for a debtor in bankruptcy, due to TGL's harassment.

## IV.    CAUSES OF ACTION
### COUNT 1: VIOLATION OF 11 U.S.C. 362(A)

22.    The facts and allegations contained above are reasserted as if fully set forth herein.

23.    The automatic stay is a court order and an injunction. Therefore, the automatic stay is enforceable pursuant to 11 U.S.C. § 105.

24.    The automatic stay applies extraterritorially. *United States Lines, Inc. v. GAC Marine Fuels Ltd. (In re McLean Industries, Inc.)*, 68 B.R. 690, 694, 15 B.C.D. 703 (Bankr. S.D.N.Y. 1986). Section 362(a) of the Bankruptcy Code bars, *inter alia*, **all acts by creditors to collect pre-petition debts**, acts to obtain possession of or control over property of the estate, and acts to create, enforce or perfect a lien on property of the estate. 11 U.S.C. § 362(a) (1), (3), (4) (emphasis added). The proceedings in Singapore come within the scope of § 362(a). *GAC Marine Fuels Ltd.*, 68 B.R. at 694.

25.    As it pertains to this cause of action:

    a. In 11 U.S.C. § 362(k)(1) Congress gave Plaintiff the right to sue for violations of the automatic stay.

    b. 11 U.S.C. § 101(12) defines "debt" as a liability on a claim, and "claim" is defined by §101(5). Plaintiff owes Defendant a debt arising out of a personal guarantee on a corporate obligation.

    c. 11 U.S.C. § 102(2) defines "claim against the debtor". Defendant has a claim against the Debtor within the meaning of 11 U.S.C. § 102(2).

    d. 11 U.S.C. § 101(10) defines the term "creditor". Defendant is a creditor within the meaning of 11 U.S.C. § 101(10).

26. The 5th Circuit has consistently stated the three requirements to establish liability under § 362(k)1). *In re Chesnut*, 422 F.3d 298, 302 (5th Cir. 2005); *Campbell v. Countrywide*, 545 F.3d 348, 355 (5th Cir. 2008); and, *In re Repine*, 536 F.3d 512, 519 (5th Cir. 2008):

    a. The existence of the automatic stay was known by the Defendant in that Defendant was made aware of the existence of this bankruptcy;

    b. The acts described on the part of Defendant were intentional, meaning what is relevant is not the intent to violate the automatic stay, but rather the intent to commit the act that violated the automatic stay; and,

    c. The acts of Defendant violated 11 U.S.C. § 362(a) (1), (2), and (6) for which no exception exists under 11 U.S.C. § 362(b).

27. Defendant was and is aware of the bankruptcy case. Defendant's actions were intentional. No good faith exceptions exist for the violations. No present inability to comply with the automatic stay exists on the part of Defendant.

28. Defendant's violation of 11 U.S.C. § 362(a)(1),(2),(6) as alleged above was "willful" as that term is defined in the Fifth Circuit because its conduct was intentional, it had prior actual

knowledge of the automatic stay from multiple sources, its conduct was unreasonable, and any alleged mistake of law was not a defense. Willfulness within the context of an alleged stay violation is almost universally defined to mean intentional acts committed with knowledge of the bankruptcy petition." *In re San Angelo Pro Hockey Club, Inc.*, 292 B.R. 118, 124 (Bankr. N.D. Tex. 2003)

29. Under 11 U.S.C. § 362(k), Plaintiff is entitled to compensation for actual damages, proportional punitive damages, and reasonable fees and costs from Defendant in amounts to be decided by the Court.

## COUNT 2: DECLARATORY JUDGMENT

30. The facts and allegations contained above are reasserted as if fully set forth herein.

31. Pursuant to the Texas and/or Federal Declaratory Judgment Act, Plaintiff requests the Court issue a declaratory judgment that the Defendant's conduct stands in violation of the Bankruptcy Code's automatic stay.

## V. ENFORCING INJUNCIONS OR ORDERS OF THIS COURT

32. The facts and allegations contained above are reasserted as if fully set forth herein.

33. Due to Defendant's actions as described, it is now necessary for Plaintiff to seek this extraordinary relief from this Court to enforce the injunctions, orders, and Code and Rule provisions resulting from his bankruptcy. Therefore, Plaintiff requests this Court to:

(a) Find Defendant in contempt for failing to abide by the orders, injunctions, Bankruptcy Code or Rules pursuant to 11 U.S.C. §105;

(b) Issue any declaratory judgment to determine the threshold questions of law, facts, rights, claims, or debts of all parties to this adversary proceeding, the violation(s) of Defendant, the jurisdiction of this Court and/or any actual controversy that may exist; and/or

(c) Issue any further or more specific injunctions to better define or curtail the acts or conduct of Defendant in the future pursuant to 11 U.S.C. §105.

## VI. DAMAGES

34. The facts and allegations contained above are reasserted as if fully set forth herein.

35. The fresh start promised to Plaintiff would hardly be made whole simply by an order that repeats the law, rules and injunctions with which Defendant already has not complied. This makes damages necessary.

36. Each cause of action above allows or requires the award of damages.

### Actual Damages

37. Plaintiff seeks an award of actual damages to cover the value of any loss, any out-of-pocket expenses or cost incurred, including attorneys' fees incurred in the Singapore Proceeding, the value of the personal time of Plaintiff in having to deal with the conduct and actions of Defendant, and in having to participate in this adversary proceeding.

### Attorneys' Fees and Costs

38. The facts as described in the above paragraphs are hereby incorporated by reference as if fully set forth herein.

39. It was necessary to employ undersigned counsel to represent Plaintiff in advising, preparing and participating in this adversary proceeding. Plaintiff requests this Court to award undersigned counsel all attorneys' fees, costs and expenses due and owing, and which will become due and owing expended as a result of this representation.

40. Plaintiff is entitled to a recovery of his attorneys' fees and costs for any willful violation of the automatic stay pursuant to 11 U.S.C. §362(k).

41. Pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code and/or 28 U.S.C. §2202, Plaintiff is entitled to and respectfully seeks the recovery of his reasonable attorneys' fees and costs in bringing his action for declaratory relief.

42. The Court is further empowered under 11 U.S.C. §105 to impose sanctions in the form of attorneys' fees and/or punitive damages for violation of the automatic stay.

### Pre-judgment and post-judgment interest

43. Plaintiff seeks an award of prejudgment and post-judgment interest.

### Punitive Damages

44. Plaintiff seeks an award of punitive damages against Defendant pursuant to 11 U.S.C. §362(k) and §105.

### VII.    PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Darren Scott Matloff respectfully requests that the Court issue summons on Defendant, and after a stipulation or determination that defendant willfully violated the automatic stay, enter judgment for Plaintiff as follows:

1) Granting declaratory relief as requested herein;
2) Awarding damages to Plaintiff resulting from Defendant's conduct in unlawfully
3) retaining property of the estate in violation of the automatic stay and the Bankruptcy Code;
4) Awarding Plaintiff attorneys' fees and costs incurred in pursuing this adversary proceeding;
5) Awarding Plaintiff punitive damages; and
6) Granting Plaintiff such other and further relief to which the Plaintiff may be entitled.

Dated: September 11, 2019

Respectfully submitted,

 /s/ Sarah M. Cox
Sarah M. Cox
California State Bar No. 245475

Law Office of Sarah M. Cox, PLLC
12770 Coit Road, Suite 1100
Dallas, TX 75251
Email: sarah@sarahcoxlaw.com
Ph: 214-310-1321
Fax: 469-716-4710
ATTORNEY FOR PLAINTIFF