## Timeline of Events

| Date | Action | Notes |
|---|---|---|
| Apr. 27, 2018 | S 450 – *TGL v. Matloff* | TGL's suit on Mr. Matloff's personal guarantee |
| May 5, 2018 | OS 544 – *TGL v. Gandiva* | Suit to enforce Share Charge Deed for 43% of Rooftop |
| Dec. 5, 2018 | S 450 | • Judgment for TGL (v. Matloff) – $4.4MM +5% per month interest until settlement of principal.<br>• Application to Domesticate filed in SD TX (now stayed) |
| Mar. 6, 2019 | S 252 – *TGL v. Rooftop Group International, Asian Express, and Gandiva* | TGL's suit to enforce corporate cross guarantees |
| April 1, 2019 | S 450/ SUM 1653 | TGL files Application for leave to commence committal proceedings |
| April 16, 2019 | S 450/ SUM 1653 | Court enters its Order granting leave to TGL to commence committal proceedings |
| April 29, 2019 | S 450/ SUM 1653 | Summons is issued to Mr. Matloff in conjunction with TGL's committal proceedings |
| **April 30, 2019** | **19-31443** | ***In re Rooftop Group International Pte. Ltd.* filed** |
| June 18, 2019 | OS 773 | Rooftop's Action to Stay S 252, OS 544 |
|  | S 252 | Judgment for TGL (v. Rooftop Group International) - $6.4MM |
| **June 19, 2019** | **19-32039** | ***In re Darren Scott Matloff* filed** |
| June 26, 2019 | OS 773 | Singapore court adopts briefing schedule on application for stay in Rooftop proceedings. |
| July 8, 2019 | S 450/SUM 2362 | Mr. Matloff files his Affidavit in response to the committal proceedings. |
| **July 9, 2019** | **19-32039** | **Notice of Appearance filed on behalf of TGL** |
| **July 16, 2019** | **19-32039** | **First Meeting of Creditors** |
| July 22, 2019 | S 450/SUM 2362 | TGL files its Affidavit |
| **July 24, 2019** | **19-32039** | **Motion to Appear Pro Hac Vice by Richard Mooney filed by TGL.** |
| July 25, 2019 | S 450/SUM 2362 | TGL files Applicant's Written Submissions, requesting Mr. Matloff be incarcerated |

**Exhibit**

**A**

| July 26, 2019 | S 450/SUM 2362 | The Singapore Court conducts a hearing on TGL's Application |
|---|---|---|
| **August 13, 2019** | **19-32039** | **Continued Meeting of Creditors** |
| | S 450/SUM 2362 | Singapore Court sets this date as a deadline for additional affidavits from TGL and Mr. Matloff |

# IN THE HIGH COURT OF THE REPUBLIC OF SINGAPORE

Case No.: HC/S 450/2018

Sub Case No.: HC/SUM 2362/2019

Filed: 29-April-2019 05:58 PM

Hearing Date : 23-May-2019

Hearing Time : 2:30 PM

Hearing Type : OS & Summons (Open Court)

Attend Before: Judge

Between

TRIUMPHANT GOLD LIMITED
(Cayman Islands Registration No. OI-293504)

...Plaintiff(s)

And

DARREN SCOTT MATLOFF
(United States Passport No. 530504825)

...Defendant(s)

## SUMMONS FOR ORDER OF COMMITTAL

To: Defendant

Darren Scott Matloff
75 Vine Street, Unit 805
Seattle, WA 98121

Let all parties concerned attend before the Court on the date and time to be assigned for a hearing of an application by the Plaintiff for the following order(s):

1. That such punishment as the Court deems fit be imposed on the Defendant, Darren Scott Matloff ("Mr Matloff"), for his contempt of court in connection with his intentional disobedience and/or breach of the following Orders of Court:

   a. HC/ORC 77/2019, read with the Court's Reply on Request for Re-fixing/Vacation of Hearing Dates dated 17 January 2019, requiring Mr Matloff to: (i) attend before the Registrar on 1 February 2019 at 9am and be orally examined as to whether he has any property or means of satisfying the Judgment obtained against him on 5 December 2018, and that he do produce any books or documents in his possession or power relating to the same at the time and place appointed for examination (the "EJD Hearing"); and (ii) serve on the Applicant an affidavit providing all answers and documents sought by the Applicant in the Questionnaire for the Examination of Darren Scott Matloff (the "Affidavit of Answers");

   b. HC/ORC 77/2019, read with Registrar's Notice dated 1 February 2019, requiring Mr Matloff to: (i) attend before the Registrar for an EJD Hearing on 8 February 2019 at 9am; and (ii) serve the Affidavit of Answers on the Applicant; and

   c. HC/ORC 908/2019, requiring Mr Matloff to: (i) attend before the Registrar for an EJD Hearing on 8 March 2019 at 9am; and (ii) serve the Affidavit of Answers on the Applicant by 11 February 2019, 5pm.

2. Costs of and incidental to this applicat[...]ant to the Plaintiff.



**Exhibit**

**B**

The grounds of the application are:

1. Set out in the Statement pursuant to O 52 r 2(2) of the Rules of Court filed on the 1st day of April 2019, which is to be read in support of this summons together with the 1st affidavit of Hiroyuki Mukaibo and the exhibits therein, filed on the 1st day of April 2019.

Issued by :

Solicitor(s) for the Plaintiff(s)

Providence Law Asia LLC
20 COLLYER QUAY #21-02
Singapore 049319
Tel No.: 64381969
Fax No.: 64382683
Email: info@providencelawasia.com
File Ref No.: AV/NK/KL/17329
Solicitor in charge: 1. LAU HUI MING, KENNY,
2. MOHAMED NAWAZ KAMIL

TEH HWEE HWEE
REGISTRAR
SUPREME COURT
SINGAPORE

**DARREN SCOTT MATLOFF  -  July 16, 2019**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

CASE NO.: 19-32039


IN RE:

DARREN SCOTT MATLOFF,                              CHAPTER 7

    Debtor.

_____/


    Proceedings had and taken place before Scott M. Siedel on

Tuesday, the 16th day of July 2019, commencing at the hour of

9:50 a.m., and being a Meeting of Creditors.

**Exhibit**

**C**

ON-THE RTING

**DARREN SCOTT MATLOFF - July 16, 2019**

On Behalf of the Debtor:

SARAH COX

On Behalf of US Trustees:

SCOTT M. SIEDEL


On Behalf of Triumphant Gold Limited:

KATHARINE BATTAIA CLARK


Also Present:


DARREN SCOTT MATLOFF, Debtor

**DARREN SCOTT MATLOFF - July 16, 2019**

1

                                              PAGE

1     TESTIMONY OF DARREN SCOTT MATLOFF

2

      Direct Examination by Ms. Cox              4

3     Direct Examination by Ms. Clark           14

      Direct Examination by Mr. Siedel          38

4

5     Certificate of Transcriber                44

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**DARREN SCOTT MATLOFF - July 16, 2019**

1    A.   We have an accountant in California, we've

2  been using for years.  His name is Andy Dickson.  It

3  started out as a California company before we moved to

4  Texas.

5    Q.   And we can put him in contact with the Trustee,

6  if necessary?

7    A.   Yes, of course.

8    Q.   I will pass the witness.

9       MR. SIEDEL:  Let me open it up to you, if you

10      have some questions.

11      MS. CLARK:  Yes.

12                    DIRECT EXAMINATION

13  BY MS. CLARK:

14    Q.   I'm Katharine Battaia Clark.  I'm here

15  representing Triumphant Gold Limited, which you've

16  listed as a creditor in your bankruptcy schedules; is

17  that correct?

18    A.   That's correct.

19    Q.   I just have a few questions about your

20  schedules that you filed.  What is Eastern Design Group

21  USA?

22    A.   Many, many years ago, I formed a company to do

23  packaging design.  It's pretty much -- it isn't solvent,

24  though.

25      MR. SIEDEL:  You got to speak up.

## IN THE HIGH COURT OF THE REPUBLIC OF SINGAPORE

HC/S 450/2018
HC/SUM 2362/2019

In the matter of Section 4 of the Administration of
Justice (Protection) Act 2016

And

In the matter of Order 52 rule 2 of the Rules of Court (Cap 322, R
5, 2014 Rev Ed)

**TRIUMPHANT GOLD LIMITED**
(Cayman Company Registration No. OI-293504)

…Applicant

And

**DARREN SCOTT MATLOFF**
(US Passport No. 530504825)

… Respondent

## APPLICANT'S WRITTEN SUBMISSIONS

| **SOLICITORS FOR THE APPLICANT** | **SOLICITORS FOR THE RESPONDENT** |
|---|---|
| Nawaz Kamil | Choo Zheng Xi |
| Kenny Lau | Ng Bin Hong |
| | |
| **Providence Law Asia LLC** | **Peter Low & Choo LLC** |
| 20 Collyer Quay, #21-02 | 1 Coleman Street, #10-03, The Adelphi |
| Singapore 049319 | Singapore 179803 |
| Tel: 6438 1969 | Tel: 6410 1007 |
| Fax: 6438 2683 | Fax: 6534 0877 |
| Ref: NK/KL/17329 | Ref: - |

Dated this 25th day of July 2019

Exhibit

**D**

2

## I.   INTRODUCTION

1.   These written submissions are filed by the Applicant, Triumphant Gold Limited ("**TGL**"), in support of HC/SUM 2362/2019 ("**SUM 2362**").[1] SUM 2362 is an application to commit Mr Darren Scott Matloff ("**Mr Matloff**")), the judgment debtor in HC/S 450/2018 ("**S 450**") and the respondent in HC/SUM 6050/2018 (the "**EJD Proceedings**"), for his intentional disobedience and/or breach of the following Orders of Court made in the EJD Proceedings (the "**EJD Orders**"):

(a)   HC/ORC 77/2019, read with the Court's Reply on Request for Re-fixing/Vacation of Hearing Dates dated 17 January 2019 (the "**Court's Reply**"), requiring Mr Matloff to: (i) attend before the Registrar on 1 February 2019 at 9am and be orally examined as to whether he has any property or means of satisfying the Judgment obtained against him on 5 December 2018, and that he do produce any books or documents in his possession or power relating to the same at the time and place appointed for examination (the "**EJD Hearing**"); and (ii) serve on the Applicant an affidavit providing all answers and documents sought by the Applicant (the "**Affidavit of Answers**") in the Questionnaire for the Examination of Darren Scott Matloff (the "**Questionnaire**")

(b)   HC/ORC 77/2019, read with Registrar's Notice dated 1 February 2019, requiring Mr Matloff to: (i) attend before the Registrar for an EJD

---

[1]   Applicant's Bundle of Documents ("**BOD**") Tab 1.

Hearing on 8 February 2019 at 9am; and (ii) serve the Affidavit of Answers on the Applicant.

(c) HC/ORC 908/2019 requiring Mr Matloff to: (i) attend before the Registrar for an EJD Hearing on 8 March 2019 at 9am; and (ii) serve the Affidavit of Answers on the Applicant by 11 February 2019, 5pm.

2. The aforesaid intentional disobedience / breaches of the aforesaid Court orders constitute offences under s 4(1)(*a*) of the Administration of Justice (Protection) Act 2016 ("**AJPA**").[2] Pursuant to s 12(1)(*a*) of the AJPA, the commission of such offences attracts a punishment of a fine not exceeding S$100,000, or imprisonment for a term not exceeding 3 years, or with both.

3. Based on the circumstances in which the EJD Orders had been breached in the present case, as will be detailed below, TGL respectfully asks that Mr Matloff be imposed a custodial sentence. Such a punishment is supported by case precedent, and is consistent with the need to achieve a deterrent effect and to ensure compliance with the EJD Orders in the present circumstances.

4. For ease of reference, and unless otherwise stated, TGL will adopt the same definitions as in the 1st affidavit of Hiroyuki Mukaibo dated 1 April 2019 filed in support of the present proceedings ("**Hiro's 1st Affidavit**").[3]

---

[2] Applicant's Bundle of Authorities ("**BOA**") Tab 1.
[3] BOD Tab 2.

26.     Accordingly, Mr Matloff is guilty of contempt of court for failure to comply with the EJD Orders.

### IV.     A CUSTODIAL SENTENCE SHOULD BE IMPOSED AS AGAINST MR MATLOFF FOR HIS CONTEMPT OF COURT

27.     In an attempt to mitigate his offences, as noted above, Mr Matloff claims that he failed to file his Affidavit of Answers and failed to attend the EJD Hearings on **three occasions**, because he was disorganised and had a punishing schedule due to his business and having to deal with various legal actions.[21]

28.     It is submitted that Mr Matloff's excuses do not stand up to scrutiny and are not mitigating factors. If anything, they evidence his lack of regard to the EJD Orders made against him.

29.     From the period of 24 January 2019 to date (*i.e.*, the period of time in which Mr Matloff has failed to comply with the EJD Orders), Mr Matloff has engaged counsel (either on his behalf or on behalf of Rooftop, which he is the founder and CEO of) to represent him / Rooftop in the below proceedings and have also filed substantive affidavits in his name in respect of these proceedings:[22]

---

[21]   Darren's 1st Affidavit at paragraph 6: BOD Tab 4.
[22]   Hiro's 2nd Affidavit at paragraph 31: BOD Tab 5.

(a)     Participating in the SIAC Proceedings and giving evidence for the hearing which was held from 21 March – 23 March 2019.

(b)     Instructing Rooftop's counsel to apply for further and better particulars in S 252 (vide HC/SUM 2016/2019) on 17 April 2019, and to attend a hearing for the same on 10 May 2019.

(c)     Instructing Rooftop's counsel to apply for the Chapter 11 Proceedings on 30 April 2019.

(d)     Filing a reply affidavit to the summary judgment application against Rooftop in S 252 on 29 May 2019.

(e)     Instructing Rooftop's counsel to file for a recognition of the Chapter 11 Proceedings in OS 773 and filing a substantive supporting affidavit spanning 1124 pages (with exhibits) under solicitor's cover on 18 June 2019.

(f)     Filing a petition for personal bankruptcy pursuant to Chapter 7 of the United States Bankruptcy Code on 19 June 2019.

(g)     Filing a reply affidavit to the summary judgment application against the other defendants (apart from Rooftop) in S 252 on 3 July 2019 (under solicitor's cover).

(h)     Filing Darren's 1st Affidavit (under solicitor's cover) on 8 July 2019, spanning a total of 276 pages (with exhibits).

30.     The aforesaid actions taken by Mr Matloff during this period of time evidences that Mr Matloff clearly had access to counsel and could have, at any point in time, engaged counsel to respond to the EJD Orders. Mr Matloff also has not adequately explained why filing his Affidavit of Answers or attending the EJD Hearings would not have been possible for him.

31.      It is submitted that he could have done so, but simply chose not to. It is not an excuse to say that Mr Matloff chose to prioritise other legal proceedings and/or his business over having to comply with the EJD Orders; indeed, this shows that Mr Matloff made a calculated and considered decision to ignore the EJD Orders and chose only to surface in the proceedings at this stage where he is about to be found guilty of contempt of court. These are not mitigating circumstances. To the contrary, they reinforce his lack of regard of the EJD Orders.

32.     This is made all the more evident by the fact that Mr Matloff has now recently filed a petition for bankruptcy in the US courts where he claims that he only has assets of approximately US$16,000. If this were really the case, it makes it all the more egregious that Mr Matloff had failed to file his Affidavit of Answers, even to date.

*counsel, evinced no remorse and in fact denied having been in contempt of court. There was therefore little by way of mitigation.*

*58 All in all, I was satisfied that a custodial sentence would be the only effective means to ensure Kurniawan's compliance with the EJD Order since he had shown himself to be a recalcitrant party in continually breaching a mandatory court order."*

[emphasis added]

45. The aggravating factors / lack of mitigating factors taken into account by Lai J are <u>all</u> present in this case. Further, as noted above, there is the additional fact here of Mr Matloff <u>utilising the delay</u> to engineer a situation where he has now filed for bankruptcy and claims to only have up to US$16,000 in assets remaining.

46. In the circumstances, TGL therefore submits that a custodial sentence <u>must</u> be imposed in the present case and a sentence of more than seven days imprisonment is warranted given the exceptionally aggravating circumstances.

## V. CONCLUSION

47. TGL asks that a commensurate custodial sentence be imposed to reflect the complete lack of regard which Mr Matloff has shown to the EJD Orders. For a recalcitrant judgment debtor such as Mr Matloff, a serious deterrent message

must be sent and this is also the only effective means to ensure his compliance with the EJD Orders moving forward.

Dated this 25th day of July 2019

_____
**SOLICITORS FOR THE APPLICANT**
**MESSRS PROVIDENCE LAW ASIA LLC**

IN THE HIGH COURT OF THE REPUBLIC OF SINGAPORE

1  HC/S 450 of 2018
2  (HC/SUM 2362 of 2019)
3
4                                    Between
5
6                    **TRIUMPHANT GOLD LIMITED**
7                                                    ... *Plaintiff*
8                                      And
9
10                   **DARREN SCOTT MATLOFF**
11                                                   ... *Defendant*
12
13  Coram  : Judicial Commissioner Pang Khang Chau
14
15  *Lau Hui Ming Kenny (Providence Law Asia LLC)* for the plaintiff;
16  *Choo Zheng Xi and Ng Bin Hong (Peter Low & Choo LLC)* for the defendant.
17
18                          <u>**Notes of Argument**</u>
19
20  <u>**26 July 2019**</u>
21
22  PC     :     Application to find the Defendant liable for contempt of court.
23
24  Ct     :     There is a new affidavit that came in today.
25
26  DC     :     That is my client's affidavit of assets pursuant to the Examination
27               of Judgment Debtor ("EJD") proceedings.
28
29               I will go into this in more detail for the purpose of mitigation.
30
31               My client came into Singapore from Los Angeles yesterday
32               morning. So I could only get him to sign off the affidavit yesterday
33               and I filed it at the earliest instance.

Exhibit

**E**

1

2             My firm has been instructed only on 10 June 2019.

3

4             To save time, I do not think we dispute the liability. So it is

5             undisputed fact that he failed to attend the EJD hearings.

6

7   PC   :   Background facts set out in [8]–[17] of my written submission.

8

9             Mens rea is intentional conduct.

10

11             It is clear that the conduct was intentional. The motive being

12             irrelevant to the question of liability.

13

14   DC   :   Regarding the first charge concerning the hearing on 1 February,

15             my client's position is that he did not see the e-mail until 7

16             February 2019. Plaintiff's response is that it is not likely. I will

17             submit later on how the court should weigh the evidence in

18             relation to charge 1.

19

20   PC   :   I think it is undisputed that, as of 24 January, the order was served

21             on Defendant. What Defendant is saying is that, due to the volume

22             of e-mails he received, he only found out on 7 February.

23

24             Service on 24 January was not only by e-mail but also on his

25             solicitor.

26

27             In *PT Sandipala* [47] – element of knowledge includes knowledge

28             of the order and its material terms. To this end, it is not necessary

29             for the complainant to show that the alleged contemnor

30             appreciated that he was breaching the order. Liability is strict in

| 1 | | | the sense that all that is required to be proved is service of the order |
| 2 | | | and the subsequent omission by the party to comply. |
| 3 | | | |
| 4 | | | Otherwise, it would be too easy to evade, especially in the case of |
| 5 | | | substituted service. |
| 6 | | | |
| 7 | Ct | : | There are 4 cases cited there. Do you know the facts of those |
| 8 | | | cases? |
| 9 | | | |
| 10 | PC | : | I only have *Pertamina*. |
| 11 | | | |
| 12 | Ct | : | Do the facts of *PT Sandipala* concern a claim of lack of knowledge |
| 13 | | | of the order? |
| 14 | | | |
| 15 | PC | : | No. |
| 16 | | | |
| 17 | Ct | : | What about *Pertamina*? |
| 18 | | | |
| 19 | PC | : | No. |
| 20 | | | |
| 21 | | | The proposition we are advancing is that where service has been |
| 22 | | | validly effected, it will be too easy for the defendant to say I |
| 23 | | | somehow did not see this, especially when more than one means |
| 24 | | | of substituted service was adopted. |
| 25 | | | |
| 26 | Ct | : | There is a difference between saying that I should deem that there |
| 27 | | | was knowledge just because substituted service had been effected |
| 28 | | | and saying that I should disbelief the lack of knowledge because |
| 29 | | | of circumstantial but nevertheless I should be persuaded that there |
| 30 | | | was actual knowledge. |
| 31 | | | |

| | | | |
|---|---|---|---|
| 1 | PC | : | We are proposing it on both fronts. |
| 3 | DC | : | It is open to Plaintiff to apply for cross-examination. |
| 5 | Ct | : | Given dispute on liability for the first charge, is it meaningful to |
| 6 | | | proceed with sentencing submission? |
| 8 | PC | : | Our position on sentencing would remain even without the first |
| 9 | | | charge. |
| 11 | DC | : | Happy to proceed with submission on sentencing. |
| 13 | PC | : | Also point out [10] of my client's first affidavit. To accept |
| 14 | | | Defendant's explanation is to also accept that his lawyers did not |
| 15 | | | bring the order to his attention. |
| 17 | DC | : | At that time, Rev Law was representing the company in the |
| 18 | | | arbitration, not representing Defendant in these proeedings. |
| 20 | Ct | : | Was Defendant the sole director of Rooftop? |
| 22 | PC | : | I think there was one other director who was the in-house counsel. |
| 24 | | | But in the arbitration, Defendant was the representative, the only |
| 25 | | | witness and, as far as we know, the only instructing party. |
| 27 | | | Moving on to sentencing. We are asking for custodial sentence of |
| 28 | | | at least 7 days. |
| 30 | | | *PT Sandipala* [69] – list of factors to be taken into account. |

| | | | |
|---|---|---|---|
| 1 | | | Coercive considerations must come into play as there was |
| 2 | | | continuous refusal to comply. |
| 3 | | | |
| 4 | | | [29] of written submission – sequence of events illustrated that he |
| 5 | | | has the ability to engage counsel to respond but chose not to do so. |
| 6 | | | |
| 7 | | | Even if we take his case at face value, that he learned of the order |
| 8 | | | only on 7 February, he has failed to respond to the many |
| 9 | | | reminders. Absolute radio silence. |
| 10 | | | |
| 11 | | | Even if we accept that he was disorganized and had other pressing |
| 12 | | | matters, this is not a mitigating factor. He chose to prioritise other |
| 13 | | | matters over the need to comply with a court order. |
| 14 | | | |
| 15 | | | See *Global Distressed Alpha Fund* [41]. |
| 16 | | | |
| 17 | Ct | : | What is the context of [41]? Was Lai J discussing liability or |
| 18 | | | sentence at that point? |
| 19 | | | |
| 20 | PC | : | I believe she was addressing the issue of liability at [41]. But I |
| 21 | | | believe this factored into her decision on sentence. See [55] – lack |
| 22 | | | of justifiable excuse, no regard for EJD order, thumbing his nose |
| 23 | | | at the Singapore court were factors taken into account in |
| 24 | | | sentencing. |
| 25 | | | |
| 26 | | | He has recently, on 19 June, filed a petition for bankruptcy in the |
| 27 | | | USA. On 11 July 2019, he filed his statement of assets and liability |
| 28 | | | in the US bankruptcy. Stated that his assets were USD16,000 |
| 29 | | | while liability was over USD 65 million. |
| 30 | | | |

1      One of two scenarios must be true. One, he already had very little

2      assets in January. In which case, why could he not file his list of

3      assets which would have been bare. Second, he has deliberately

4      delayed giving details of his assets until his US bankruptcy, at

5      which point he has only $16,000 of asssets under his name.

6

7      *Tahir v Tay Kar Oon* (HC) – [53] – delay in complying with EJD

8      order till after she was bankrupt caused irreversible prejudice.

9

10     In the present case, the delay was not one month but 6 months.

11

12     *Tahir* (CA) reduced the sentence of 8 weeks to a fine of $10,000.

13     Reason was that the applicant in that case withdrew the committal

14     proceedings before hearing. Court of Appeal at [59] took the view

15     that there was very little prejudice because bankruptcy set in very

16     soon after the EJD order was granted.

17

18     Court of Appeal also took into account the defendant's medical

19     condition – major depressive disorder.

20

21     One other point which highlights the complete lack of regard

22     which Defendant had for the Singapore proceedings. This stems

23     from correspondence which we received from my learned friend

24     yesterday evening.

25

26     In that correspondence, my learned friend referred to deposition

27     which took place in the US bankruptcy proceedings, where many

28     questions posed were similar to those posed in the EJD

29     questionnaire. Then an allegation was made of material non-

30     disclosure on the part of the Plaintiff.

31

| | | | |
|---|---|---|---|
| 1 | | | The fact that Defendant attended a deposition in US last week had |
| 2 | | | nothing to do with whether he had committed contempt of court. |
| 3 | | | It appears from Defendant's own conduct that he did not believe |
| 4 | | | the deposition to be relevant. Before Defendant filed his reply |
| 5 | | | affidavit, he already knew of the deposition date. If this were |
| 6 | | | material, Defendant ought to have mentioned it in his affidavit. |
| 7 | | | |
| 8 | DC | : | The deposition took place after Defendant filed his affidavit and |
| 9 | | | before Plaintiff filed his affidavit in response. |
| 10 | | | |
| 11 | Ct | : | I think Plaintiff's Counsel's point is that Defendant knew of the |
| 12 | | | deposition date before filing his affidavit. So if it was material, |
| 13 | | | Defendant should have mentioned it first. |
| 14 | | | |
| 15 | DC | : | The point we make is that Defefendant had been forthcoming with |
| 16 | | | his answers about his assets wherever they may be situated. So the |
| 17 | | | Plaintiff's case theory that Defendant was somehow hiding or |
| 18 | | | concealing his personal information is not correct, as evidenced |
| 19 | | | by the Defendant's deposition in the US proceedings. |
| 20 | | | |
| 21 | PC | : | Our case theory is that the Defendant hid his assets until the time |
| 22 | | | he filed for bankruptcy in June 2019. |
| 23 | | | |
| 24 | | | This demonstrates that he was clearly capable of disclosing his |
| 25 | | | assets. Why didn't he do this in the Singapore court? Clearly, he |
| 26 | | | was thumbing his nose at the Singapore court. |
| 27 | | | |
| 28 | | | See [35] of written submission – dilatory tactics in arbitration, |
| 29 | | | misrepresenting assets situation to arbitration. |
| 30 | | | |

1          (1) The Plaintiff had in fact been significantly and irreparably
2          prejudiced.
3
4          (2) he only attempted to remedy his breach today by filing his EJD
5          affidavit which we have not had the opportunity to review. But our
6          point is that this in fact cannot be remedied because he has placed
7          himself in bankruptcy.
8
9          (3) the breaches were deliberate and he knew of the seriousness of
10         the breaches as he is a seasoned businessman familiar with court
11         processes.
12
13         (4) High culpability.
14
15         (5) failure to cooperate with plaintiff in any way.
16
17         The contempt cannot be purged because of his conduct. He has
18         placed himself in bankruptcy.
19
20         Submit that appropriate sentence should be more than 7 days'
21         imprisonment.
22
23    DC   :   I wish to take Your Honour through the cases to highlight salient
24         similarities and differences.
25
26         My client had given significant details in his affidavit concerning
27         his business. This was a US-based business, which owns
28         significant Intellectual Property in the US.
29

1    My client has come all the way from Texas to place himself at the
2    mercy of the court. Most of my client's company's assets and his
3    own assets are in the US.
4
5    Plaintiff's last affidavit at page 331 – declaration of intangible
6    assets (Intellectual Property).
7
8    In the EJD affidavit filed today, my client has disclosed his bank
9    statements since January 2019. He has also disclosed details of the
10   Matloff Family Trust.
11
12   This is in contrast with *PT Sandipala* where the affidavits were
13   bare denials with no assets declared.
14
15   Move of the company to Singapore only took place in March
16   2015.
17
18   My client is absolutely remorseful for not filing disclosure of his
19   assets earlier.
20
21   This disclosure has to be seen in the context of him providing as
22   much information as possible to the Plaintiff.
23
24   Context of the arbitration. In February 2019, my client was also
25   trying to get his business in order at the time of the arbitration.
26   Centre of his business was always in the US.
27
28   He was faced not only with business collapse in the US. He was
29   also faced with personal proceedings in Singapore. At that
30   junction, on 7 February 2019, my client hit a spot of turbulence
31   with his lawyers in the arbitration proceedings. My client'

1        company was unrepresented from 6 February 2019 onwards. His

2        next set of lawyers came on board only 10 March 2019.

3

4        Comment in *Global Distressed* was the vagueness of excuse and

5        total lack of supporting evidence.

6

7        Hearings missed in *Global Distressed* were 9 EJD hearings over a

8        period of 8 months. Very clear lack of remorse and lack of

9        intention to mitigate breaches there.

10

11       In the present case the period between the first and second charges

12       were 7 days.

13

14       In the *Global Distressed* case, the EJD hearings were on

15

16       3 July 2012

17       14 August

18       4 September

19       6 November

20       6 December

21

22       8 January 2013

23       22 January

24       19 February

25       20 March

26

27       We are asking that the Court impose a fine on our client, anywhere

28       between $5,000 and $10,000.

29

30       On prejudice, see [59] of *Tahir* (CA).

31

| | | |
|---|---|---|
| 1 | | The debt which Defendant owed was for a personal guarantee |
| 2 | | given for the liabilities of Rooftop. Judgment against him was in |
| 3 | | excess of USD 4 million. |
| 4 | | |
| 5 | | My client has placed his bank account before this court. He has |
| 6 | | also gone on record in the US. Nothing to suggest that my client |
| 7 | | has any amount near the judgment debt, much less dissipating |
| 8 | | assets. |
| 9 | | |
| 10 | | Allegation of dissipation was not made in the Statement for |
| 11 | | liability, and so should not be taken into account in sentencing. |
| 12 | | Breach of natural justice. |
| 13 | | |
| 14 | PC : | Unique situation of this case is the substantial delay of 6 months |
| 15 | | and then he declared himself a bankrupt. |
| 16 | | |
| 17 | | My learned friend said his client has been very upfront since then. |
| 18 | | But that is the point. He has been upfront only after he decided to |
| 19 | | file for bankruptcy. That is not remorse. He has more than 6 |
| 20 | | months. Why do it only today. |
| 21 | | |
| 22 | | The egregious pattern of Defendant's conduct is set out clearly in |
| 23 | | the SIAC award, which led to indemnity costs awarded against |
| 24 | | him. |
| 25 | | |
| 26 | | See page 11 of his declaration. Rented property since 1 July 2019. |
| 27 | | What about before 1 July 2019? |
| 28 | | |
| 29 | | Therefore custodial sentence is warranted. |
| 30 | | |

| | | | |
|---|---|---|---|
| 1 | Ct | : | Is the O 52 statement merely required to state facts relevant to |
| 2 | | | liability? |
| 3 | | | |
| 4 | DC | : | To the extent that these are facts which my client may be subject |
| 5 | | | to penal consequences for, it should not merely be in the O 52 |
| 6 | | | statement, but should be in the affidavit in support. |
| 7 | | | |
| 8 | | | So if there is an accusation of dissipation, then as a matter of |
| 9 | | | natural justice my client should have an opportunity to rebut that. |
| 10 | | | The allegations of dissipation is not something which my client |
| 11 | | | had the opportunity to respond. |
| 12 | | | |
| 13 | Ct | : | **Adjourned for further submission and further affidavits to be** |
| 14 | | | **filed.** |
| 15 | | | |
| 16 | | | I will need further submission on the point made at the beginning |
| 17 | | | of today's hearing as to whether prove of substituted service of the |
| 18 | | | court order is sufficient for liability or whether the court needs to |
| 19 | | | be satisfied that the Defendant had actual knowledge of the court |
| 20 | | | order. |
| 21 | | | |
| 22 | | | Defendant to to file an affidavit to address the Plaintiff's allegation |
| 23 | | | that the Defendant had delayed compliance with the EJD order in |
| 24 | | | order to dissipate assets and declare himself bankrupt in the US. |
| 25 | | | |
| 26 | | | Plaintiff to file an affidavit to comment on the quality of the |
| 27 | | | disclosures in the EJD affidavit filed by the Defendant today, as |
| 28 | | | well as on whether the disclosures EJD affidavit would have |
| 29 | | | mitigating or aggravating effect. |
| 30 | | | |
| 31 | | | **All these to be done by 13 August 2019.** |

| | | | |
|---|---|---|---|
| 1 | | | |
| 2 | | | **Next hearing to be fixed by the Registry on the earliest possible** |
| 3 | | | **date after 13 August 2019 on which all parties are available.** |
| 4 | | | |
| 5 | DC | : | Will Your Honour be pronouncing sentence at the next hearing? It |
| 6 | | | involves significant trouble and expense for my client to travel |
| 7 | | | from Texas to Singapore. So if Your Honour is not planning to |
| 8 | | | pronounce sentence at the next hearing but would need further |
| 9 | | | time to consider, I would like to seek leave for my client's |
| 10 | | | presence at the next hearing to be dispensed with. |
| 11 | | | |
| 12 | Ct | : | I will be able to pronounce sentence at the next hearing. So please |
| 13 | | | coordinate with Registry and your client to ensure that your client |
| 14 | | | is able to attend the next hearing. |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | [ sgd ] |
| 19 | | | Judicial Commissioner Pang Khang Chau |

Certified True Copy

Private Secretary to Judicial Commissioner
Supreme Court Singapore

DATE: *handwritten* 8/21/19
BY: *handwritten signature*

CAUSE NO. DC-19-12093

| | | |
|---|---|---|
| TRIUMPHANT GOLD LIMITED, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 101st JUDICIAL DISTRICT |
| | § | |
| | § | |
| ROOFTOP GROUP SERVICES (US) INC. | § | |
| ROOFTOP GROUP USA, INC., | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## SUBPOENA FOR DEPOSITION DUCES TECUM OF EDWARD L. SCHAFMAN, L.C.

THE STATE OF TEXAS

   TO: Edward L. Schafman, L.C.
     c/o Edward L. Schafman
     5218 Spruce Street
     Bellaire, TX 77401

   Pursuant to Rule 176 of the Texas Rules of Civil Procedure, you are hereby commanded to designate the proper person(s) who have personal knowledge of the matters set forth in **Exhibit A**, attached hereto, and to appear before a person authorized by law to take depositions for the taking of your deposition and to produce documents in the matter styled as *Triumphant Gold Limited v. Rooftop Group Services (US) Inc., et al,* Cause No. DC-19-12093, in the 101st Judicial District Court, Dallas County, Texas.

   You shall appear to give your deposition and you shall produce documents listed in **Exhibit B,** attached hereto, at your deposition which shall commence at 10:00 a.m. on August 27, 2019, at the office of Compass Reporting, 7020 Portwest Drive, Suite 140, Houston, TX 77024, and shall continue from hour to hour and day to day thereafter until completed. This deposition will be limited to the issues relating to the upcoming temporary injunction hearing and without

**Exhibit**

**F**

SUBPOENA FOR DEPOSITION DUC___ ___L. SCHAFMAN, L.C.  **PAGE 1**

prejudice to reconvene the deposition on the merits after the conclusion of the temporary injunction hearing.

You are being subpoenaed for your deposition and the production of documents at the insistence of Plaintiff Triumphant Gold Limited ("Plaintiff"), and its attorneys of record in this matter, Jacob B. Kring and Britton D. McClung, Hedrick Kring, PLLC.

Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.

ISSUED in Dallas County, Texas, on this 20th day of August 2019.

/s/ Britton D. McClung
**Jacob B. Kring**
Texas Bar No. 24062831
**Britton D. McClung**
Texas Bar No. 24060248

**HEDRICK KRING, PLLC**
1700 Pacific Avenue, Ste. 4650
Dallas, Texas 75201
(214) 880-9600 (telephone)
(214) 481-1844 (fax)
jacob@hedrickkring.com
britt@hedrickkring.com

**OFFICERS ISSUING SUBPOENA**

## III.
### DOCUMENTS TO BE PRODUCED

The following documents and tangible items are to be produced in accordance with the instructions set out above:

1. Your file for Rooftop Services.

2. Your file for Rooftop USA.

3. Your file for Darren S. Matloff.

4. All documents provided to you by Rooftop Services or Rooftop USA.

5. Your engagement letter for Rooftop Services and Rooftop USA.

6. Documents evidencing any incorrect tax reporting for Rooftop Services or Rooftop USA.

7. Documents evidencing any effort to correct any incorrect tax reporting for Rooftop Services or Rooftop USA.

8. A copy of Rooftop Services' or Rooftop USA's federal, state, and local tax information or income tax returns for the past three years.

9. A copy of Matloff's federal, state, and local tax information or income tax returns for the past three years.

10. All documents evidencing the value of any and all claimed assets of Rooftop Services and Rooftop USA for the past three years, including accounts receivables, purchase orders, and inventory.

11. All documents evidencing any liabilities of Rooftop Services or Rooftop USA for the past three years.

12. Any income statements for Rooftop Services or Rooftop USA for the past three years.

13. Any balance sheets for Rooftop Services or Rooftop for the past three years.

14. All documents evidencing any effort to segregate commingled personal expenses of Matloff from legitimate business expenses of Rooftop Services and Rooftop USA for the past three years.

15. Documents evidencing any personal expenses paid for by Rooftop Services or Rooftop USA for Matloff or his family members.

16. All documents evidencing the compensation or distributions paid from Rooftop Services or Rooftop USA to Matloff (or any of his family members) for the past three years.

17. All documents evidencing the distributions paid from Rooftop Services or Rooftop USA for the past three years.

18. All documents evidencing all contributions made by Matloff to Rooftop Services or Rooftop USA for the past three years.

19. All documents evidencing all sources of cash and/or income to Matloff from Rooftop Services or Rooftop USA for the past three years.

20. All agreements (whether by letter, contract, invoice terms, or otherwise) between Rooftop Services, Rooftop USA, Rooftop Singapore, and/or the Rooftop Enterprise, on the one hand, and any Person, on the other, that reflect loans made to and/or security interest granted by Rooftop Services, Rooftop USA or their affiliates or Insiders for the last three years.